## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RICHARD AKRONG,<br>          Plaintiff,<br><br>v.<br><br>UNITES STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES LAWRENCE FIELD OFFICE<br>          Defendant. | CIVIL ACTION<br>NO. 13-40145-TSH |

**ORDER: Respondent's Motion To Dismiss Or, In The Alternative, For Summary Judgment  (Docket No. 11)**
**March 14, 2014**

Hillman, D.J.

### Background

The Plaintiff, Richard Akrong ("Akrong"), has filed a complaint seeking judicial review of the denial of his application for United States citizenship under the military naturalization provision, 8 U.S.C. § 1440[1].  Akrong asserts that the United States Citizenship and Immigration Service wrongfully denied his citizenship application, which was based on his military service in the United States Navy, because it erroneously determined that his separation from the Naval service based on medical condition was not "'honorable."  The United States has moved to dismiss the Complaint for failure to state a claim under Fed.R.Civ.P. 12(b)6), or, in the

---

[1] This statute allows for expedited naturalization through active-duty service in the Armed Forces during World War I, World War II, the Korean hostilities, or other periods of military hostilities if certain requirements are established.  One of the requirements applicable to Akrong's situation is that his separation from the armed forces have been characterized as "honorable."  Akrong was discharged a little more than one month after entry of active duty due to a medical condition; his separation was characterized as an Entry Level Separation, which is one of the four possible characterizations of discharge, the others being (1) honorable, (2) general (under honorable conditions), or (3) other than honorable.

alternative, requests that summary judgment enter in its favor. Because the United States has included matters outside the pleadings, I will treat its motion as one for summary judgment.[2]

## Discussion

Akrong has failed to file an opposition to the United States' motion for summary judgment and therefore, the Court accepts the United States' statement of material facts as true.[3] *See Ferreira v. Mortgage Electronic Registration Systems, Inc.,* 794 F.Supp.2d 297 (D.Mass. 2011)(denying plaintiff's motion to file late opposition to motion for summary judgment; as a result of no opposition having been filed, defendant's statement of material facts is treated as uncontroverted). Taking those facts in a light most favorable to Akrong, I find that there is no genuine issue of material fact regarding the characterization of his separation from service by the United States Navy. Therefore, for the reasons set forth in the United States' supporting memorandum, I find that the United States is entitled to summary judgment, as a matter of law.

## Conclusion

Respondent's Motion To Dismiss Or, In The Alternative, For Summary Judgment (Docket No. 11) is *allowed.* Judgment shall enter for the Defendant.

/s/ *Timothy S. Hillman*_____
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE

---

[2] Where a defendant styles its pleading as one for dismissal or summary judgment and submits a statement of material facts in support, the plaintiff is on notice that the Court might treat the motion as one for summary judgment. Under such circumstances, the plaintiff has constructive notice that the Court may treat the motion as one for summary judgment and therefore, no further notice to the plaintiff is necessary should the Court choose to do so. *Cf. Santoni v. Potter,* 222 F.Supp.2d 14, 17-18 (1st Cir. 2002).

[3] Plaintiff's opposition to the United States' motion for summary judgment was required to be filed within twenty-one (21) days. *See* LR,D.Mass 56.1. Furthermore, Local Rule 56.1 provides that:
> Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties.